UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY A. BEARD, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00293-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 2] |

## I.
## INTRODUCTION

On March 3, 2016, Plaintiff Stewart Manago, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis, 28 U.S.C. § 1915(a).  (ECF Nos. 1 and 2.)  However, Plaintiff is subject to section 1915(g) of the statute, and he may only proceed in forma pauperis if he has met the imminent danger exception.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1051-1052 (9th Cir. 2007).

## II.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. <u>Andrews</u>, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

## DISCUSSION

There is no dispute that Plaintiff is subject to section 1915(g).[1] The issue is whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on March 3, 2016. <u>Andrews</u>, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. <u>Id.</u> at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. <u>Id.</u> at 1055.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. <u>Andrews</u>, 493 F.3d at 1053. Plaintiff's allegations stem from events of which Plaintiff has previously relied on in other actions to avoid the three-strikes bar.[2] As in the prior action, Plaintiff contends that he participated in an investigation relating to misconduct by a correctional officer and was thereafter subjected to retaliation.

Plaintiff presently claims he is subject to imminent danger of serious physical injury relating to actions dating back to January 7, 2014, in failing to protect him. Plaintiff contends that he was

---

[1] The Court takes judicial notice of case numbers 3:90-cv-20256-MHP <u>Manago v. Myers</u> (N.D. Cal.) (dismissed Oct. 9, 1991 for failure to state a claim); 3:94-cv-01528-MHP <u>Manago v. Marshall</u> (N.D. Cal.) (dismissed Mar. 25, 1998 for failure to state a claim), *affirmed on appeal*, 10 Fed.Appx 540 (9th Cir. 2001); and 1:99-cv-05525-REC-SMS <u>Manago v. Gulare</u> (E.D. Cal.) (dismissed Mar. 7, 2000 for failure to state a claim).

[2] <u>See, e.g.</u>, <u>Manago v. Cate, et al.</u>, case numbers 2:13-cv-00081 GEB AC P; <u>Manago v. Cate</u>, 2:11-cv-2891 AC P; <u>Manago v. Holland</u>, et al., 13-cv-01523 AWI GSA PC, <u>Manago v. Walsh, et al.</u>, 13-cv-01848 AWI BAM PC

improperly classified as a member of the Black Guerrilla Family prison gang and was improperly subjected to double cell occupancy.[3]  Plaintiff also claims he has been labeled by certain officers as a "snitch."  Plaintiff further contends that certain legal property was confiscated and he has been denied adequate access to legal property in storage.  Plaintiff also vaguely alludes to the denial of mental health treatment, but provides no factual support for such claim.  All of these events took place in 2014.

While a threat to Plaintiff's physical safety is certainly a serious allegation, the complaint does not demonstrate that Plaintiff is presently in imminent danger of serious physical injury.  Plaintiff's allegations involve speculative claims of threats to his physical safety based on his fear that at some future time he will be subjected to harm by a correctional officer or another inmate.  Indeed, Plaintiff alleges that certain defendants "acted with deliberate indifference to the known and obvious posed [sic] by plaintiff, if they ever placed a documented enemy in plaintiff's cell." (ECF No. 1 at ¶ 33.)  Plaintiff's complaint demonstrates that he is and was housed in the security housing unit and any claim that he will be housed with a rival gang member is speculative, at best.  Such speculative allegations fall short of establishing "imminent danger of serious physical injury." Andrews, 493 F.3d at 1053 ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.")

In sum, Plaintiff's claims of failure to protect are vague and conclusory and devoid of sufficient factual support.  There are no allegations that Plaintiff is presently in imminent danger of physical harm, and Plaintiff makes no request for relief from imminent danger and requests only monetary damages.  Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be DENIED; and

---

[3] Plaintiff has previously made similar allegations in Manago v. Cate, et al., Case No. 2:13-cv-00081 GEB AC P (denial of in forma pauperis status and dismissed for failure to pay the filing fee on May 1, 2013.)

2.      Plaintiff be required to pay the $400.00 filing fee within thirty days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2016**

UNITED STATES MAGISTRATE JUDGE