# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY A. BEARD, et al.,<br><br>  Defendants. | Case No.: 1:16-cv-00293-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 10] |

On May 5, 2016, the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed, without prejudice, for Plaintiff's failure to pay the filing fee, and judgment was entered. (ECF No. 10.) More specifically, on March 9, 2016, the magistrate judge issued Findings and Recommendations denying Plaintiff's application to proceed in forma pauperis because Plaintiff has suffered three or more strikes under 28 U.S.C. § 1915(g), and Plaintiff failed to demonstrate he was in imminent danger. (ECF No. 3.) The Findings and Recommendations were adopted in full on March 30, 2016, and Plaintiff was directed to pay the $400.00 filing fee within thirty days or the action would be dismissed. (ECF No. 5.) The thirty day time expired and Plaintiff failed to pay the filing fee. However, on April 11, 2016, Plaintiff filed a motion for relief from the March 30, 2016, order, along with a first amended complaint. (ECF Nos. 6 & 7.)

///

///

1

On May 5, 2016, the Court denied Plaintiff's motion for relief and dismissed the action, without prejudice, for failure to pay the filing fee. (ECF No. 8.) In denying Plaintiff's motion for relief, the Court stated, in relevant part:

> Plaintiff references only vague and past incidents of retaliation and failure to protect him from potential future harm. Indeed, as stated in the Findings and Recommendations, Plaintiff's claims of failure to protect are vague and conclusory and devoid of sufficient factual support. There are no allegations that Plaintiff is presently in imminent danger of physical harm, and Plaintiff makes no request for relief from imminent danger and requests only monetary damages.

(ECF No. 8, Order at 1:27-2:4.)

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In his motion for reconsideration, Plaintiff references the same factual circumstances presented and rejected by the Court in its May 5, 2015, order, and Plaintiff has failed to make a sufficient showing that reconsideration is justified.  Plaintiff's vague and conclusory allegations relating to an "ongoing criminal conspiracy" among prison staff, fails to present imminent danger exception to section 1915(g).  To the extent Plaintiff references and presents new factual allegations, arising after the instant action, such allegations relate to different Defendants at a different prison, and Plaintiff must re-file a separate complaint in the proper forum as to such allegations.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **August 8, 2016**                            **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES CHIEF DISTRICT JUDGE